IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEVIE WINSTON, #525214 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv141 |
| DAVID STACKS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Stevie Winston, an inmate confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the lawsuit should be dismissed. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Plaintiff are without merit.

The Plaintiff has significant medical problems, and the facts as alleged and developed reveal that prison officials have been responsive to his needs. They were not deliberately indifferent. The crux of the Plaintiff's complaint and objections is that the medical care provided and restrictions issued for purposes of his job assignment were inadequate; however, allegations regarding the

1

adequacy of medical treatment are not sufficient to show a violation of federal rights. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Similarly, dissatisfaction with medical treatment or a diagnosis does not constitute deliberate indifference to a serious medical need and does not rise to the level of the denial of a constitutional right. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d at 1238.

The Plaintiff also complained in his objections that the Report and Recommendation did not address the bad faith and conspiracy claims. A civil rights plaintiff, however, must show an abuse of governmental power that rises to a constitutional level in order to maintain a lawsuit. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). He must allege a deprivation of a federally protected right in order to set forth a *prima facie* case. *Maine v. Thiboutot*, 448 U.S. 1 (1980); *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Bad faith and conspiracy claims do not constitute a basis for a civil rights lawsuit. *See Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 42 U.S.C. § 1997A(b)(1). All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this the **17** day of **February, 2006.**

_____
Thad Heartfield
United States District Judge